Harris County Docket Sheet

# 2016-21614

**COURT:** 281st

**FILED DATE:** 4/5/2016

**CASE TYPE:** Insurance



---

### BRIDGES, ROBERT D

Attorney: WORRALL, MATTHEW JAMES

vs.

### ALLSTATE VEHICLE AND PROPERTY INSURANCE

Attorney: HIGGINS, ROGER D.

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |



**HCDistrictclerk.com**   BRIDGES, ROBERT D vs. ALLSTATE VEHICLE AND   5/11/2016
PROPERTY INSURANCE
Cause: 201621614     CDI: 7     Court: 281

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | | |
|---|---|---|
| **File Date** | 4/5/2016 | |
| **Case (Cause) Location** | Civil Intake 1st Floor | |
| **Case (Cause) Status** | Active - Civil | |
| **Case (Cause) Type** | Insurance | |
| **Next/Last Setting Date** | N/A | |
| **Jury Fee Paid Date** | 4/5/2016 | |

### COURT DETAILS

| | |
|---|---|
| **Court** | 281st |
| **Address** | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:7133686430 |
| **JudgeName** | SYLVIA A. MATTHEWS |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| BRIDGES, ROBERT D | PLAINTIFF - CIVIL | | WORRALL, MATTHEW JAMES |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | DEFENDANT - CIVIL | | HIGGINS, ROGER D. |
| COLBERT, ALLEN | DEFENDANT - CIVIL | | |
| 5415 MARGARET LANE, BEAUMONT, TX 77708 | | | |

ALLSTATE VEHICLE AND PROPERTY INSURANCE REGISTERED AGENT
COMPANY MAY BE SERVED

    1999 BRYAN STREET SUITE 900, DALLAS, TX 75201

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 5/5/2016 | ANSWER ORIGINAL PETITION | | | 0 | | HIGGINS, ROGER D. | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY |
| 4/5/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 4/5/2016 | ORIGINAL PETITION | | | 0 | | WORRALL, MATTHEW JAMES | BRIDGES, ROBERT D |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY MAY BE SERVED | 4/5/2016 | 4/5/2016 | | | | 73233736 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | COLBERT, ALLEN | 4/5/2016 | 4/5/2016 | | | | 73233737 | CVC/CTM SVCE BY CERTIFIED MAIL |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 70112108 | Defendant Allstate Vehicle & Property Insurance Company's Original Answer | | 05/05/2016 | 2 |
| 70084503 | Domestic Return Receipt | | 04/26/2016 | 1 |
| 70084419 | Domestic Return Receipt | | 04/19/2016 | 1 |
| 69840474 | Certified Mail Receipt | | 04/07/2016 | 1 |
| 69683839 | PLAINTIFF'S ORIGINAL PETITION | | 04/05/2016 | 35 |
| -> 69683840 | Civil Case Information Sheet | | 04/05/2016 | 1 |
| -> 69683841 | Civil Process Request Form | | 04/05/2016 | 2 |

4/5/2016 1:29:39 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9955016
By: Bonnie Lugo
Filed: 4/5/2016 1:29:39 PM

# 2016-21614 / Court: 281

Cause No. _____

| | | |
|---|---|---|
| ROBERT D. BRIDGES | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | _____ JUDICIAL DISTRICT |
| INSURANCE COMPANY AND ALLEN | § | |
| COLBERT | § | |
| | § | |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Robert D. Bridges, Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Vehicle and Property Insurance Company ("Allstate") and Allen Colbert ("Colbert") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff, Robert D. Bridges, is an individual residing in and/or owning property in Harris County, Texas.

2.      Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

1

3.      Defendant, Allen Colbert, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at 5415 Margaret Lane, Beaumont, Texas 77708.

### DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Colbert, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

### VENUE

8.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

10.     Plaintiff owns the insured property located at 18323 Cypress Stone Lane, in Harris County (hereinafter referred to as "the Property").   Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about October 31, 2015, a hail storm and/or windstorm struck Harris County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm.  Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Colbert as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property.  The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection.  The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages.

3

Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.      As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.      To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.      Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.      Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

4

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding

5

timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

6

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed

in this case, or similar acts and omissions, occur with such frequency that they constitute a general

business practice of Allstate with regard to handling these types of claims.  Allstate's entire process

is unfairly designed to reach favorable outcomes for the company at the expense of the

policyholders.

<strong>CAUSES OF ACTION</strong>

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.      Causes of Action Against Colbert**

32.     Allstate assigned Colbert to adjust this claim.  Colbert was improperly trained and

performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Colbert

did not properly assess all damages caused by the Storm and omitted covered damages from the

report including the full extent of damage to the roof.  Colbert refused to fully compensate Plaintiff

for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of

Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the

estimated damages were severely underestimated.

**A.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

33.     Defendant Colbert's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are

made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Colbert is individually liable for his unfair and deceptive acts, irrespective of

the fact Colbert was acting on behalf of Allstate, because Colbert is a "person" as defined by TEX.

INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association,

7

partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Colbert's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Colbert's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

37.     Defendant Colbert failed to explain to Plaintiff the reasons for the offer or offers of an

8

inadequate settlement. Specifically, Defendant Colbert failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Colbert did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Colbert's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Colbert did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant Colbert's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against Allstate

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

9

### A.   Breach of Contract

41.   Allstate breached the contract of insurance it had with Plaintiff.  Allstate breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.   Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

42.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.   Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

44.   Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

45.   Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

46.     Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### C.     Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D.     Breach of the Duty of Good Faith and Fair Dealing

52.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the

11

exercise of reasonable diligence, that its liability was reasonably clear.

### E.     Knowledge

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

### DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is  entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

### JURY DEMAND

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

### DISCOVERY REQUESTS

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

### PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     */s/ Matthew J. Worrall*
          **Matthew J. Worrall**
          SBN: 24070883
          **William H. Barfield**
          SBN: 24031725
          **Andrew A. Woellner**
          SBN: 24060850
          100 Waugh Drive, Suite 350
          Houston, Texas 77007
          Telephone (713) 963-8881
          Facsimile (713) 574-2938
          Emails: mworrall@potts-law.com
                  wbarfield@potts-law.com
                  awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

14

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service.  Serve answers to the requests on Plaintiff by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.    "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.    "Any" includes the word "all" and "all" includes the word "any".

3.    The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.    Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.    The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.    "Identify" or give the "identity of" means:

      i.    In the case of a <u>person,</u> to state such person's
         (1)    full name;
         (2)    last known home and business address and home and business telephone number;
         (3)    employer or business affiliation; and
         (4)    occupation and business position held.

15

ii.   In the case of a <u>document</u>, to state:
    (1)   the identity of the person or persons preparing it and the sender;
    (2)   its title or a description of the general nature of the subject matter;
    (3)   the identity of the addressee(s), if any;
    (4)   its date or dates of preparation;
    (5)   its date or dates and manner of distribution and publication, if any;
    (6)   the location of each copy and the identity of its present custodian;
    (7)   the type of document; and
    (8)   all characteristics by which that document might be distinguished from any other document.

iii.   In the case of a communication in the form of an <u>oral statement</u>, to state:
    (1)   the identity of the person uttering the oral statement;
    (2)   the place at which such oral statement was uttered;
    (3)   the date on which such oral statement was uttered;
    (4)   the identity of each person in whose presence or hearing such oral statement was uttered; and
    (5)   the substances of the oral statement.

7.   "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.   "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.   "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.   "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.   "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.   "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

16

not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.


13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP


By:     */s/ Matthew J. Worrall*
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN:  24031725
        **Andrew A. Woellner**
        SBN:  24060850
        100 Waugh Drive, Suite 350
        Houston, Texas 77007
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**


17

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP


*/s/ Matthew J. Worrall*
**Matthew J. Worrall**

18

# CIVIL CASE INFORMATION SHEET

4/5/2016 1:29:39 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 9955016
By: LUGO, BONNIE
Filed: 4/5/2016 1:29:39 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2016-21614 / Court: 281**    COURT *(FOR CLERK USE ONLY):*

STYLED Robert D. Bridges vs. Allstate Vehicle and Property Insurance Company and Allen Colbert
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: <br><br> Matthew J. Worrall <br><br> Address: <br><br> 100 Waugh Drive, Suite 350 <br><br> City/State/Zip: <br><br> Houston, Texas 77007 <br><br> Signature: <br><br> *Matthew J.Worrall* /mjp | Email: <br><br> mworrall@potts-law.com <br><br> Telephone: <br><br> 713-963-8881 <br><br> Fax: <br><br> 713-594-2938 <br><br> State Bar No: <br><br> 24070883 | Plaintiff(s)/Petitioner(s): <br><br> Robert D. Bridges <br><br> —————————— <br><br> Defendant(s)/Respondent(s): <br><br> Allstate Vehicle and Property <br><br> Insurance Company and Allen <br><br> Colbert <br><br> *[Attach additional page as necessary to list all parties]* | [X] Attorney for Plaintiff/Petitioner <br> [ ] *Pro Se* Plaintiff/Petitioner <br> [ ] Title IV-D Agency <br> [ ] Other: _____ <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [X] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:

- [ ] Motor Vehicle Accident
- [ ] Premises
*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:

- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
*Divorce*
- [ ] With Children
- [ ] No Children

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property

- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [X] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

# CIVIL PROCESS REQUEST FORM

4/5/2016 1:29:39 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 9955016
By: LUGO, BONNIE
Filed: 4/5/2016 1:29:39 PM

2016-21614 / Court: 281

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____     CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Plaintiff's Original Petition _____

FILE DATE OF MOTION: April 5, 2016 _____
                                    Month/      Day/      Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Allstate Vehicle and Property Insurance Company _____

   ADDRESS: 1999 Bryan Street, Suite 900, Dallas, Texas 75201 _____

   AGENT, (if applicable): C T Corporation System _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
   ☐ MAIL                                ☒ CERTIFIED MAIL
   ☐ PUBLICATION:
       Type of Publication:    ☐ COURTHOUSE DOOR, or
                               ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

### ATTENTION: Effective June1, 2010

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,

*********************************************************************************************************

2. NAME: Allen Colbert _____

   ADDRESS: 5415 Margaret Lane, Beaumont, Texas 77708 _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
   ☐ MAIL                                ☒ CERTIFIED MAIL
   ☐ PUBLICATION:
       Type of Publication:    ☐ COURTHOUSE DOOR, or
                               ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Matthew J. Worrall _____  TEXAS BAR NO./ID NO. 24070883 _____

MAILING ADDRESS: 100 Waugh Drive, Suite 350, Houston, Texas 77007 _____

PHONE NUMBER: 713 _____ 963-8881 _____  FAX NUMBER: 713 _____ 574-2938 _____
              area code    phone number                        area code    fax number

EMAIL ADDRESS: mworrall@potts-law.com _____

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____     AMENDED PETITION
_____     SUPPLEMENTAL PETITION

COUNTERCLAIM
_____     AMENDED COUNTERCLAIM
_____     SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____     AMENDED CROSS-ACTION
_____     SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____     AMENDED THIRD-PARTY PETITION
_____     SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____     AMENDED INTERVENTION
_____     SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____     AMENDED INTERPLEADER
_____     SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO:   _____
                          (specify)
    MOTION TO:   _____
                          (specify)

**PROCESS TYPES:**

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                                                                 Rev. 5/7/10

CONFIRMED FILE DATE: 4/7/2016

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage

RECEIVED
MR
APR 0 8 2016
Chris Daniel
District Clerk

ALLEN COLBERT
5415 MARGARET LANE
BEAUMONT, TX 77708

7015 1520 0000 4448 6259

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage

RECEIVED
MR
APR 0 8 2016
Chris Daniel
District Clerk

2016.21614
281 Crt

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
C/O C T CORPORATE SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

7015 1520 0000 4448 6266

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

2016.21614
281st

FILED
Chris Daniel
District Clerk
APR 0 8 2016
Time:
By:
Deputy
Harris County, Texas

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

2016·2164
281 st

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY
C/O C T CORPORATE SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

9590 9402 1380 5285 6686 60

2. Article Number *(Transfer from service label)*

7015 1520 0002 4948 6266

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

Chris Wells            MAR 1 2 2016

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

2016·2164   281 Crt

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

By _____
Deputy

Time: _____

Chris Daniel
District Clerk
APR 1 9 2016
Harris County, Texas

F I L E D

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

CONFIRMED FILE DATE: 4/26/2016

2016-21614 28Cvt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALLEN COLBERT
5415 MARGARET LANE
BEAUMONT, TX 77708

2016-21614 28/Cvt

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 1380 5285 6690 01

2. Article Number (Transfer from service label)
7015 1520 0002 4948 6259

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ____ cv
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Reginald Colbert    4/18/16

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

FILED
Chris Daniel
District Clerk
APR 26 2016
Harris County, Texas
Time: _____
By _____ Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

5/5/2016 1:06:35 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10477717
By: DAIQURI ROY
Filed: 5/5/2016 1:06:35 PM

CAUSE NO. 2016-21614

| | | |
|---|---|---|
| ROBERT D. BRIDGES, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND ALLEN | § | |
| COLBERT, | § | |
| | § | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY files this Original Answer to Plaintiff's Original Petition and would respectfully show to the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegation contained within Plaintiff's Original Petition, and demands strict proof then by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiff's recovers nothing from Defendant, but Defendant goes from here without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

/s/ Roger D. Higgins
Roger D. Higgins
State Bar No. 09601500
John B. Reyna
State Bar No. 24098318
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:   (214) 871-8200
Telecopy:    (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: jreyna@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT ALLSTATE
VEHICLE AND PROPERTY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic file notification and/or facsimile to the following counsel on May 5, 2016:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
Email: mworrall@potts-law.com
Email: wbarfield@potts-law.com
Email: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

/s/ John B. Reyna
John B. Reyna

5/11/2016 4:36:42 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10585261
By: DAIQURI ROY
Filed: 5/11/2016 4:36:42 PM

CAUSE NO. 2016-21614

| | | |
|---|---|---|
| ROBERT D. BRIDGES, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND ALLEN | § | |
| COLBERT, | § | |
| | § | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

## DEFENDANT ALLEN COLBERT'S ORIGINAL ANSWER

Defendant ALLEN COLBERT files this Original Answer to Plaintiff's Original Petition and would respectfully show to the Court the following:

## I.
## ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegation contained within Plaintiff's Original Petition, and demands strict proof then by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.
## PRAYER

Defendant Allen Colbert prays that upon final trial and hearing hereof, Plaintiff's recovers nothing from Defendant, but Defendant goes from here without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins
State Bar No. 09601500
John B. Reyna
State Bar No. 24098318
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:   (214) 871-8200
Telecopy:    (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: jreyna@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT ALLSTATE
VEHICLE AND PROPERTY INSURANCE
COMPANY AND ALLEN COLBERT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by electronic file notification and/or facsimile to the following counsel on May 11, 2016:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
Email: mworrall@potts-law.com
Email: wbarfield@potts-law.com
Email: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ John B. Reyna*
John B. Reyna