United States District Court
Southern District of Texas
**ENTERED**
August 23, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT D. BRIDGES, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16-cv-01336 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY and | § | |
| ALLEN COLBERT, | § | |
| | § | |
| Defendants. | § | |

## REMAND ORDER

Allstate Vehicle and Property Insurance Company filed a notice of removal of this insurance

dispute on May 12, 2016, based on federal diversity jurisdiction. Allstate alleged the improper

joinder of Allen Colbert, the nondiverse insurance-adjustor defendant whose presence in the case,

if proper, would defeat federal diversity jurisdiction.

The test for improper joinder is whether the defendant has demonstrated that "there is no

reasonable basis for the district court to predict that the plaintiff might be able to recover against an

in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

To resolve this issue, a court "may conduct a Rule 12(b)(6)-type analysis" and must "apply the

federal pleading standard embodied in that analysis." *Int'l Energy Ventures Mgmt., L.L.C. v. United

Energy Grp., Ltd.*, 818 F. 3d 193, 207-208 (5th Cir. 2016).

Allstate and Colbert have not made the necessary demonstration, for the reasons stated in

detail on the record at the Rule 16 initial conference hearing on August 22, 2016, after counsel

presented arguments on the motion. (Docket Entry No. 11). As explained on the record, Bridges's

petition sufficiently alleged specific conduct by Colbert, the nondiverse insurance adjustor, to support a plausible inference of Bridges's right to recover against him under the asserted Texas insurance causes of action, and of a reasonable possibility of recovery under these causes of action. Allstate and Colbert have not otherwise established a basis for federal jurisdiction, making remand proper. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

This case is remanded to the 281st Judicial District Court of Harris County, Texas.

Signed on August 22, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge